### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF COLORADO

Case No. 1:17-cv-01767-WJM-KMT

ANDRES AVILES, Individually and On Behalf
of All Others Similarly Situated,

                Plaintiff,

      v.

THE SPECTRANETICS CORPORATION, R.
JOHN FLETCHER, SCOTT DRAKE, B.
KRISTINE JOHNSON, WILLIAM C.
JENNINGS, DANIEL PELAK, JOSEPH M.
RUGGIO, MARIA SAINZ, and TODD
SCHERMERHORN,

                Defendants.

### STIPULATION OF DISMISSAL

WHEREAS, plaintiff Andres Aviles ("Plaintiff Aviles") filed the above-captioned action (the "Action") challenging the disclosures made by defendants in connection with the proposed acquisition of The Spectranetics Corporation ("Spectranetics" or the "Company") by Philips Holding USA Inc. ("Parent") and HealthTech Merger Sub, Inc. ("Merger Sub," and together with Parent, "Philips") via a tender offer (the "Tender Offer"), pursuant to a definitive agreement and plan of merger filed with the United States Securities and Exchange Commission ("SEC") on or around June 27, 2017 (the "Transaction");

WHEREAS, the Action asserts claims for violations of Sections 14(e), 14(d), and 20(a) of the Securities Exchange Act of 1934 by defendants in connection with the

1

Solicitation/Recommendation Statement filed by Spectranetics with the SEC on or around July 12, 2017 (the "Solicitation Statement");

WHEREAS, plaintiff Paul Parshall ("Plaintiff Parshall," and together with Plaintiff Aviles, "Plaintiffs") filed a related action, captioned *Parshall v. The Spectranetics Corporation*, Case No. 1:17-cv-01776 (the "Related Action," and together with the Action, the "Actions"), in this Court, challenging the disclosures made by defendants in connection with the Transaction;

WHEREAS, the Related Action asserts claims for violations of Sections 14(e), 14(d), and 20(a) of the Securities Exchange Act of 1934 by defendants in connection with the Solicitation Statement;

WHEREAS, on July 24, 2017, Plaintiff Aviles filed a Motion for Preliminary Injunction (the "Motion") seeking to enjoin the expiration of the Tender Offer challenged in the Actions (D.I. 7);

WHEREAS, on July 26, 2017, Plaintiff Aviles filed a Notice of Withdrawal of Motion for Preliminary Injunction (D.I. 14), withdrawing the Motion without prejudice, as defendants informed Plaintiffs' counsel that they would be filing supplemental disclosures with the SEC (a draft of which having been provided) that would moot the issues raised in the Motion and the Actions (the "Supplemental Disclosures");

WHEREAS, on July 26, 2017, defendants filed an amendment to the Solicitation Statement with the SEC that included the Supplemental Disclosures;

WHEREAS, Plaintiffs' counsel intends to assert a claim for a mootness fee and expenses in connection with the mooted claims and the Supplemental Disclosures (the "Fee Application"), and to seek Court intervention if the parties cannot resolve Plaintiffs' Fee Application;

WHEREAS, all of the defendants in the Action reserve all rights, arguments, and defenses, including the right to oppose any potential Fee Application;

WHEREAS, no class has been certified in the Actions;

WHEREAS, for the avoidance of doubt, no compensation in any form has passed directly or indirectly to Plaintiffs or their attorneys and no promise, understanding, or agreement to give any such compensation has been made, nor have the parties had any discussions concerning the amount of any mootness fee application or award;

WHEREAS, defendants have denied and continue to deny any wrongdoing and contend that no claim asserted in the Action was ever meritorious;

NOW, THEREFORE, upon consent of the parties and subject to the approval of the Court:

IT IS HEREBY STIPULATED that:

1. The Action should be dismissed, and all claims asserted therein dismissed with prejudice as to Plaintiff Aviles only. All claims on behalf of the putative class should be dismissed without prejudice.

2. Because the dismissal is with prejudice as to Plaintiff Aviles only, and not on behalf of a putative class, no class claims are being compromised and notice of this dismissal should not be required.

3. The Court should retain jurisdiction of the Action solely for the purpose of determining Plaintiffs' anticipated Fee Application, if necessary.

4. This Stipulation is entered into without prejudice to any right, position, claim, or defense any party may assert with respect to the Fee Application, which includes the defendants' right to oppose the Fee Application.

5.      To the extent that the parties are unable to reach an agreement concerning the Fee Application and a motion is filed with the Court in connection therewith, they will meet and confer with regard to a briefing schedule, and submit a stipulation memorializing such schedule for the Court's consideration. Upon completion of briefing, the parties shall promptly contact the Court to schedule argument regarding Plaintiffs' Fee Application at a time convenient to the Court.

6.      If the parties reach an agreement concerning the Fee Application, they will notify the Court. Upon such notification, the Court should close the Action.

DATED this 16th day of August, 2017.

**JEFFREY M. VILLANUEVA, P.C.**

By: *s/ Jeffrey M. Villaneuva*
Jeffrey M. Villanueva
1755 Blake Street, Suite 225
Denver, Colorado 80202
(303) 295-7525

**LEVI & KORSINSKY, LLP**
Donald J. Enright
Elizabeth K. Tripodi
1101 30th Street, N.W., Suite 115
Washington, DC 20007
(202) 524-4290

*Attorneys for Plaintiff*

By:  *s/ Frederick J. Baumann*
Frederick J. Baumann
**LEWIS ROCA ROTHGERBER CHRISTIE LLP**
1200 17th Street, Suite 3000
Denver, CO  80202
(303) 623-9000
fbaumann@lrrc.com

**CRAVATH, SWAINE, AND MOORE LLP**
Sandra C. Goldstein
Worldwide Plaza
825 Eighth Avenue
New York, NY 10019

*Attorneys for Defendants*